**Gilberto Capi CHAVEZ, Petitioner–Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent–Appellee.**

No. 00–16611.

D.C. No. CV–99–01834–SI.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2001 *.

Decided Aug. 9, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, LAY,** and BOOCHEVER, Circuit Judges.

MEMORANDUM ***

Gilberto Capi Chavez appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his 1995 jury convictions for torture, aggravated mayhem, corporal injury on a spouse, assault with a deadly weapon, and first degree burglary. His victim was his estranged wife, Juana. The district court granted a certificate of appealability as to whether Chavez's trial counsel rendered ineffective assistance.

** Honorable Donald Lay, Circuit Judge, Eighth Circuit Court of Appeals, Sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We have jurisdiction pursuant to 28 U.S.C. §§ 2253 & 2254, and we affirm.

Chavez contends that counsel erred by failing to make Juana's audio-taped police interview, or a transcript of it, part of the trial record for appeal. Because Chavez has not identified or explained anything on the tape that would have persuaded the state court to reverse his convictions, he has not established the requisite prejudice. *See Strickland v. Washington,* 466 U.S. 668, 694, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Villafuerte v. Stewart,* 111 F.3d 616, 629–30, 631 (9th Cir.1997) (per curiam).

Chavez next alleges that counsel was ineffective for deciding not to recall expert witness Dr. Hurley to the stand to answer a specific hypothetical question. Counsel's performance was not deficient because he made a tactical decision to call another, more qualified expert to testify to the same information. *See Furman v. Wood,* 190 F.3d 1002, 1007 (9th Cir.1999) ("Counsel's tactical decisions are 'virtually unchallengeable.'") (*quoting Strickland,* 466 U.S. at 690, 104 S.Ct. 2052).

Chavez claims that prejudice resulted from counsel's use of the word "torture" during his cross-examination of Juana. Counsel's comments were intended to show sympathy and respect for Juana in order to avoid further hostility to Chavez and his counsel. The comments did not concede Chavez's guilt in any way. Chavez has not demonstrated either deficient performance or prejudice. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Chavez also takes issue with counsel's failure to move to strike Juana's testimony that Chavez spent time in jail. Counsel's strategic decision to clarify that Chavez was briefly in jail for an innocuous reason does not constitute deficient performance. *See id.* at 690, 104 S.Ct. 2052.

At one point during the trial, Juror No. 9 sent a note to the trial judge clarifying a defense witness' Spanish–to–English translation. Chavez contends he suffered prejudice from counsel's failure to act on the note, either by seeking a mistrial or asking the court to remove that juror. His contention fails because he has not established that such a challenge would have been successful, *see Kimmelman v. Morrisson,* 477 U.S. 365, 374–75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), nor that counsel's failure to object to Juror No. 9's presence on the jury resulted in actual prejudice, *see Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Anderson v. Calderon,* 232 F.3d 1053, 1098–99 (9th Cir.2000); *Rodriguez v. Marshall,* 125 F.3d 739, 745–47 (9th Cir.1997).

Finally, Chavez argues that counsel's cumulative errors warrant habeas relief. There are no constitutional errors to accumulate. *See Villafuerte,* 111 F.3d at 632.

AFFIRMED.